FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG 3 0 2019

RICK WARREN
COURT CLERK
40_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| RANDY MCAROY, Individually and as Father and Next Friend of P.M., a minor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CJ-2019-4120 |
| INDEPENDENT SCHOOL DISTRICT NO. 1 of OKLAHOMA COUNTY a/k/a PUTNAM CITY WEST HIGH SCHOOL, PUTNAM CITY SCHOOLS; DAWSON MICHAEL McCLAIN; DELBERT JOHNSON; S. H., by and Through his Parent and Next Friend, David Harry; ALFRED JONES; and COREY RUSSELL, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## SECOND AMENDED PETITION

COMES NOW the Plaintiff, Randy McAroy, individually and as father and next friend of

P.M., a minor, and for his claims of relief against the Defendants, Independent School District No.

1 of Oklahoma County a/k/a Putnam City West High School; Putnam City Schools; Dawson

Michael McClain; Delbert Johnson; S.H. by and through his Parent and Next Friend, David Harry;

Alfred Jones; and Corey Russell, and each of them, alleges and states as follows:

1.     The Plaintiff, Randy McAroy, is the natural parent of P.M. and is, and at all times

relevant to this action was a citizen and resident of Oklahoma County, State of Oklahoma.

2.     The Defendant, Independent School District No. 1 of Oklahoma County a/k/a

Putnam City West High School (hereinafter "P.C. West") is a high school within the Putnam City

School District (hereinafter "Putnam City Schools") and P.C. West is under the exclusive

supervision and control of Putnam City Schools. P.C. West is in Oklahoma County, State of

Oklahoma. Notice was formally served on both the individual school, P.C. West as well as the administration offices of the Putnam City Schools and the State of Oklahoma, Risk Management Division pursuant to the Oklahoma Governmental Tort Claims Act, Title 51 O.S. § 151, *et seq.*

3.     At all times regarding the matter sued upon herein, the employees and Board Members of the Defendant Putnam City School District were acting under and within the scope of their employment and/or as agents of Defendant Putnam City Schools and Defendant P.C. West.

4.     By letter dated January 24, 2019, the Risk Management Department of the State of Oklahoma formally denied the Plaintiff's claims pursuant to the Governmental Tort Claims Act specifically denying any negligence on the part of the State of Oklahoma and alleging that the Defendant Putnam City Schools does not have their tort claims coverage through the Office of Management and Enterprises Services, Risk Management Department. The claims of the Plaintiff against the State of Oklahoma were deemed denied as of January 24, 2019.

5.     On or about January 10, 2019, the Defendant, Putnam City Schools, was served with formal notice of the Plaintiff's claims pursuant to the Governmental Tort Claims Act. On or about January 18, 2019, the Defendant, P.C. West, was served with formal notice of the Plaintiff's claims pursuant to the Governmental Tort Claims Act. Defendant, P.C. West and Defendant, Putnam City Schools, failed to respond to the Plaintiff's Notice of Claim and the Plaintiff's claims against these Defendants were deemed denied by operation of law. This action is timely filed against Defendant, P.C. West and Defendant, Putnam City Schools, within the time prescribed by the Oklahoma Governmental Tort Claims Act.

6.     The incident that gives rise to the Plaintiff's Claims for Relief set forth herein occurred in Oklahoma County, State of Oklahoma. Venue is proper in Oklahoma County, State of Oklahoma.

7.     Upon information and belief, at all times relevant to this action, the Defendants, Dawson Michael McClain, Delbert Johnson and the minor Defendant, S.H. were residents of Oklahoma County, Oklahoma, and this Court has personal jurisdiction over each of the named individual Defendants.

## CLAIMS FOR RELIEF

8.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 7 above by reference as if fully set forth herein below, and further alleges and states as follows:

9.     On or about September 28, 2018, Plaintiff's minor child, P.M., was a freshman at the Putnam City West High School when he was negligently restrained, assaulted and sodomized by Defendants, Dawson Michael McClain, Delbert Johnson, and S.H. while attending Putnam City West High School and during schools hours while on the premises of Defendant, P.C. West, which caused severe mental and physical injuries, pain and suffering.

10.    At the time of this assault, each of the student Defendants, Dawson Michael McClain, Delbert Johnson, and S.H. were under the security, supervision, custody and control of the personnel, agents, servants and/or employees at the Defendant, P.C. West, including the Defendants, Alfred Jones and Corey Russell, who were active coaches in the football program at Putnam City West High School.

11.    It was well known by both Defendant, P.C. West, and Defendant, Putnam City Schools, as well as Defendants, Alfred Jones and Corey Russell, that this type of assault had occurred in the past and had become a "ritual" and "tradition" that Senior classmen would inflict upon Freshman of the School.

3

12.     Despite this knowledge, neither Defendant P.C. West, nor Defendant Putnam City Schools nor the active coaches, Defendants, Alfred Jones or Corey Russell, took any action to stop this conduct or to protect its students, including P.M., from further acts of assault.

13.     P.M. was a member of a limited and specifically definable group, i.e. freshman, underclassmen in the legal custody and control of the Defendant, P.C. West. The actions and/or omissions of Defendants, P.C. West, Putnam City Schools and Russell either created the danger of further abuse to P.M. or increased the vulnerability of P.M. to the danger of being subjected to abuse. The actions and/or omissions of Defendants, Jones and Defendant, Russell, further placed P.M. at substantial risk of serious, immediate, and proximate harm which was obvious and known. Despite such obvious and known risks to P.M., these Defendants acted recklessly and in conscious disregard of those risks. Their conduct, based on the injuries which were inflicted upon P.M., evidences deliberate indifference to the rights and welfare of P.M. while at a new and unfamiliar school and shocks the conscience sufficient to overcome and negate any presumption of acting in good faith.

14.     At all relevant times, the law on which the Plaintiff relies to establish a violation of the rights of P.M. was well established so that the contours of his rights were sufficiently clear so that a reasonable official would understand that what he did violated those rights. For example, both Defendant, Jones, and Defendant, Russell, would have known that placing a child at substantial risk of serious, immediate harm by failing to stop a known unlawful activity and/or allowing a known unlawful activity to continue at the school, activity such as sodomizing young freshman football players with a broom handle, was unconstitutional.

15.     As a result of the conduct of the Defendants, and each of them as more fully set forth herein below, the Plaintiff's minor child, P.M., has and will suffer injuries which are

4

permanent, painful and progressive, and the injuries will cause future pain and suffering, medical expenses, physical and mental injuries, including loss of enjoyment of life, and the Plaintiff has been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## CLAIMS FOR RELIEF AGAINST DEFENDANT,
## PUTNAM CITY SCHOOLS

16.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 15 above by reference as if fully set forth herein below, and further alleges and states as follows:

17.     At all times relevant to this action, P.M., was enrolled and was an active student at Putnam City West High School and he was under the security, supervision, custody and control of the personnel, agents, servants and/or employees at the Defendant, Putnam City Schools, including the Defendant, Corey Russell, who was the acting Putnam City West head football coach.

18.     On or about September 28, 2018, the threat of the negligent assault to P.M. was present when at least one employee of Defendant, Putnam City Schools, a coach, Defendant, Corey Russell, was aware that the assault was imminent and Defendant, Corey Russell, allowed the assault to continue at the hands of the Defendant students he supervised. Defendant, Russell, acquiesced in the assault by leaving the room and not taking action to stop the process or prevent the assault on the minor, P.M. In addition, Defendant, Corey Russell, knew or should have known that the act of "brooming" or shoving a broom handle in the anal orifice of a freshman football player at Putnam City West had occurred before and that this "ritual" or "tradition" was an imminent threat to freshman football players including the Plaintiff, P.M.

19.     At all times relevant herein and at the time of the incident that gives rise to this action, the Defendant Putnam City Schools, was on notice and was specifically aware of similar conduct that occurred prior to the incident involving the Plaintiff, P.M. within the football

5

program. Defendant Putnam City Schools was specifically aware of this same event occurring prior to September, 2018 and as a result of that prior incident, employees of P.C. West were terminated from the football program and high school. Defendant failed to establish, adopt, implement and/or follow any rules, policies, procedures, code of conduct or protocols to assure students or athletes could participate safely and without fear of the same event occurring again to students such as the minor here, P.M.

20.     Defendants P.C. West and Putnam City Schools by and through the superintendent, board of directors, Principal, administrators, coaches, teachers, and/or personnel failed and refused to educate the staff and/or students and further failed to implement policies and/or procedures and/or rules of conduct that would have prevented the assault, abuse and injuries to the Plaintiff, P.M.

## **FIRST CAUSE OF ACTION AGAINST PUTNAM CITY SCHOOLS**

### **Violation of TITLE IX of Education Act Amendments of 1972**

21.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 20 above by reference as if fully set forth herein below, and further alleges and states as follows:

22.     At all times material herein, Defendant Putnam City Schools has received federal education funds and has been subject to Title IX, 20 U.S. §§1681, *et seq.*

23.     Defendant Putnam City Schools is an "educational institution" as defined in 20 U.S.C. §1681(c).

24.     The type of student-on-student sexual harassment described here constitutes sexual assault that is so severe and objectively offensive that it would deprive the student of the educational benefits of the school.

25.     Defendant Putnam City Schools had actual knowledge of the student-on-student

assaults occurring in its school but, and with deliberate indifference, failed to take any action to stop them.

26.     Defendant Putnam City Schools' failure to stop this ongoing assault created a hostile educational environment which was so severe, pervasive, and objectively offensive that it undermined and detracted from Plaintiff's educational experience and resulted in the Plaintiff being denied the benefit of and participation in Defendant Putnam City Schools' resources and opportunities.

27.     The abuse deprived P.M. of equal protection, substantive and procedural due process, his property right to an education, and his liberty interest to be free from sexual abuse at school.

28.     The acts and omissions of the Defendant Putnam City Schools as alleged herein denied Plaintiff the benefits of the educational program offered by the School District and constituted discrimination on the basis of sex in violation of 20 U.S.C. §1981(a).

29.     The conduct of Defendant Putnam City Schools, warrants an award in favor of Plaintiff for actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and any other relief this Court deems just and appropriate.

## SECOND CAUSE OF ACTION AGAINST PUTNAM CITY SCHOOLS

### United States Constitutional Rights- 42 U.S.C. §1983

### FOURTEENTH AMENDMENT

30.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 29 above by reference as if fully set forth herein below, and further alleges and states as follows:

31.     Plaintiff's claims arise under the United States Constitution guaranteed to all citizens under the Fourteenth Amendment and actionable pursuant to 42 U.S.C. §1983.

7

32.     Defendant Putnam City Schools, at all times herein, was operating or working under color of law and as an agent of a governmental entity and political subdivision in the State of Oklahoma.

33.     P.M. has been deprived of his federally-protected property interest in his continued education and the right to be free from sexual harassment and molestation as guaranteed by the Fourteenth Amendment to the United States Constitution.

34.     Defendant Putnam City Schools through its failure to take any action related to the known and ongoing assaults taking place in its School established a policy, custom, usage, and practice, which allowed the abuse upon P.M. to occur here.

35.     The Defendant Putnam City Schools' conduct demonstrates a representation of an official policy, practice, and custom as evidenced by the deliberate indifference and reckless disregard for P.M.'s rights to be free from sexual assault and harassment while under the supervision of Defendants.

36.     Further, the acts and omissions of the Defendants, as alleged herein, constituted intentional discrimination on the basis of sex in violation of P.M.'s rights to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

37.     The conduct of Defendant Putnam City Schools warrants an award in favor of Plaintiff for actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and any other relief this Court deems just and appropriate.

### THIRD CAUSE OF ACTION AGAINST PUTNAM CITY SCHOOLS

#### Negligence

38.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 37 above by reference as if fully set forth herein below, and further alleges and states as follows:

39.   Defendant Putnam City Schools had an affirmative duty to provide a safe premises for the students of its District.

40.   Defendant Putnam City Schools knew or should have known of the substantial risk of sexual assault to its students, and Defendant Putnam City Schools negligently failed to protect P.M. from such assault.

41.   As a direct and proximate result of Defendant Putnam City Schools' aforesaid acts and conduct and the injuries resulting therefrom, Plaintiff sustained physical injury, mental injury and mental anguish, pain, and suffering.

42.   The conduct of Defendant Putnam City Schools warrants an award in favor of Plaintiff for actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and any other relief this Court deems just and appropriate.

**CLAIMS FOR RELIEF AGAINST DEFENDANT,**
**INDEPENDENT SCHOOL DISTRICT NO. 1**
**a/k/a PUTNAM CITY WEST HIGH SCHOOL**

43.   Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 42 above by reference as if fully set forth herein below, and further alleges and states as follows:

44.   At all times herein, P.M., was a student under the custody and control of Defendant, Independent School District No. 1 of Oklahoma County a/k/a Putnam City West (hereinafter "P.C. West"), and was present at Defendant, P.C. West.

45.   On or about September 28, 2018, the threat of the negligent assault to P.M. was present when at least one employee of Defendant, P.C. West, a coach, was aware that the assault was imminent but acquiesced in the assault by leaving the room at Defendant, P.C. West, and not doing anything to stop the process or prevent the assault from happening.

46.   At all times relevant herein, agents, servants and/or employee of Defendant P.C.

West had actual knowledge of assault and/or abuse of football players at P.C. West High School prior to the incident that is the subject of this action. Defendant P.C. West failed to adopt and/or implement, enforce and/or follow safety protocols policies and/or procedures to keep students, including Plaintiff, P.M. free from physical neglect and abuse.

47.     Defendant P.C. West was specifically aware that one or more student(s) at P.C. West had been assaulted and raped by instrumentation in substantially the same manner as the Plaintiff, P.M. prior to September, 2018. Defendant, P.C. West by and through its superintendent, board of directors, principal, administrators, coaches, teachers, and/or personnel failed and refused to implement or establish, adopt and/or follow any rules, policies, procedures, code of conduct or protocols that would have alerted personnel and employees of the potential dangers and would have prevented the assault, abuse and injuries to the Plaintiff, P.M. As a direct and proximate result of negligent conduct of Defendant, P.C. West, and its respective agent, servants and/or employees, P.M. has suffered severe permanent injuries.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT, INDEPENDENT SCHOOL DISTRICT NO. 1 OF OKLAHOMA COUNTY, a/k/a PUTNAM CITY WEST HIGH SCHOOL

### Violation of TITLE IX of Education Act Amendments of 1972

48.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 47 above by reference as if fully set forth herein below, and further alleges and states as follows:

49.     At all times material herein, Defendant P.C. West has received federal education funds and has been subject to Title IX, 20 U.S. §§1681, *et seq.*

50.     Defendant P.C. West is an "educational institution" as defined in 20 U.S.C. §1681(c).

51.     The type of student-on-student sexual harassment described here constitutes sexual

10

assault that is so severe and objectively offensive that it would deprive the student of the educational benefits of the school.

52.     Defendant P.C. West had actual knowledge of the student-on-student assaults occurring in its school but, and with deliberate indifference, failed to take any action to stop them.

53.     Defendant P.C. West's failure to stop these ongoing assaults created a hostile educational environment which was so severe, pervasive, and objectively offensive that it undermined and detracted from Plaintiff P.M.'s educational experience and resulted in the Plaintiff P.M. being denied the benefit of and participation in Defendant P.C. West's resources and opportunities.

54.     The abuse deprived Plaintiff P.M. of equal protection, substantive and procedural due process, his property right to an education, and his liberty interest to be free from sexual abuse at school.

55.     The acts and omissions of the Defendant P.C. West as alleged herein denied Plaintiff the benefits of the educational program offered by the P.C. West and constituted discrimination on the basis of sex in violation of 20 U.S.C. §1981(a).

56.     The conduct of Defendant, P.C. West, warrants an award in favor of Plaintiff for actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and any other relief this Court deems just and appropriate.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT, INDEPENDENT SCHOOL DISTRICT NO. 1 OF OKLAHOMA COUNTY, a/k/a PUTNAM CITY WEST HIGH SCHOOL

### United States Constitutional Rights- 42 U.S.C. §1983

### FOURTEENTH AMENDMENT

57.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 56

11

above by reference as if fully set forth herein below, and further alleges and states as follows:

58.     Plaintiff's claims arise under the United States Constitution guaranteed to all citizens under the Fourteenth Amendment and actionable pursuant to 42 U.S.C. §1983.

59.     Defendant P.C. West, at all times herein, was operating or working under color of law and as an agent of a governmental entity and political subdivision in the State of Oklahoma.

60.     P.M. has been deprived of his federally-protected property interest in his continued education and the right to be free from sexual harassment and molestation as guaranteed by the Fourteenth Amendment to the United States Constitution.

61.     Defendant P.C. West, through its failure to take any action related to the known and ongoing assaults taking place in its School established a policy, custom, usage, and practice, which allowed the abuse upon P.M. to occur here.

62.     The Defendant P.C. West's conduct demonstrates a representation of an official policy, practice, and custom as evidenced by the deliberate indifference and reckless disregard for P.M.'s rights to be free from sexual assault and harassment while under the supervision of Defendants.

63.     Further, the acts and omissions of the Defendants, as alleged herein, constituted intentional discrimination on the basis of sex in violation of P.M.'s rights to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

64.     The conduct of Defendant, P.C. West, warrants an award in favor of Plaintiff for actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and any other relief this Court deems just and appropriate.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT, INDEPENDENT SCHOOL DISTRICT NO. 1 of OKLAHOMA COUNTY a/k/a PUTNAM CITY WEST HIGH SCHOOL

**Negligence**

65.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 64 above by reference as if fully set forth herein below, and further alleges and states as follows:

66.     Defendant P.C. West had an affirmative duty to provide a safe premises for the students of its District.

67.     Defendant P.C. West knew or should have known of the substantial risk of sexual assault to its students, and Defendant P.C. West negligently failed to protect P.M. from such assault.

68.     As a direct and proximate result of Defendant P.C. West's aforesaid acts and conduct and the injuries resulting therefrom, Plaintiff sustained physical injury and mental anguish, pain, and suffering.

69.     The conduct of Defendant, P.C. West, warrants an award in favor of Plaintiff for actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), attorney fees, costs, and any other relief this Court deems just and appropriate.

## CLAIMS FOR RELIEF AGAINST DEFENDANTS, DAWSON MICHAEL McCLAIN, DELBERT JOHNSON AND S.H., A MINOR

70.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 69 above by reference as if fully set forth herein below, and further alleges and states as follows:

71.     At all times relevant to this action, Defendants, Dawson McClain, Delbert Johnson and S.H. were upper classmen and/or students participating in the football program at the Defendant, P.C. West. On or about September 28, 2018, these Defendants, and each of them, confronted the Plaintiff, P.M. while he was in the freshman locker room. The Defendants together forced the Plaintiff, P.M. into the "varsity locker room". Once in the varsity locker room, P.M.

13

was held against his will by the Defendants, McClain, Johnson and S.H. and a broom handle was forcibly inserted into the Plaintiff's anus sodomizing the Plaintiff and penetrating the anal orifice and causing severe physical, mental and emotional injury to the Plaintiff.

72.    As a direct and proximate result of the conduct of the Defendants, McClain, Johnson and S.H., the minor Plaintiff, P.M., suffered serious injury to mind and body and will suffer from the injury in the future. Said injuries are permanent, progressive and severe for which P.M. has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**CLAIMS FOR RELIEF AGAINST DEFENDANT,
ALFRED JONES, AND DEFENDANT, COREY RUSSELL**

73.    Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 72 above by reference as if fully set forth herein below, and further alleges and states as follows:

74.    Defendant, Corey Russell, was a teacher and head football coach employed by the Defendants, Putnam City Schools and/or P.C. West and was responsible for the safe supervision of students and high school football players at the high school, including Plaintiff, P.M. Defendant, Corey Russell, was responsible for establishing and/or ensuring that the P.C. West students follow Putnam City policies and procedures. Defendant, Corey Russell, is sued in his individual and official capacities and at all time material hereto was acting in concert and under color of state law, policy, custom or usage.

75.    Defendant, Alfred Jones, was a freshman football coach employed by the Defendants, Putnam City Schools and/or P.C. West and was responsible for the safe supervision of students and freshman football players at the high school, including Plaintiff, P.M. Defendant, Alfred Jones, was responsible for establishing and/or ensuring that the P.C. West students follow Putnam City policies and procedures. Defendant, Alfred Jones, is sued in his individual and

14

official capacities and at all time material hereto was acting in concert and under color of state law, policy, custom or usage.

76.    This Claim for Relief brought by the Plaintiff is for violation of the Substantive Due Process right of his minor son, P.M., to be reasonably safe from harm as guaranteed by the Fourteenth Amendment to the United States Constitution.

77.    Defendants, Jones and Russell acting in concert with the leaders of the P.C. West High School, the administration and the board of directors of the Putnam City School District acted with deliberate indifference and/or reckless disregard and under color of state law, violated Putnam City School and/or state-mandated policies and procedures, as well as the Substantive Due Process Rights of P.M., by:

      a.  Allowing students to continue with a "ritual" or custom at the school that the Defendants knew or should have known would cause serious injury and/or risk of harm to students like P.M.;

      b.  Failing to protect students like P.M. from falling victim to a known custom or practice within the school that would cause serious injury and risk of harm to students like P.M.

      c.  Failing to protect P.M.

78.    Defendants, Jones and Russell, failed to exercise professional judgement and acted with deliberate indifference and/or reckless disregard in failing to carry out and properly follow constitutional and/or state-mandated policies and procedures with respect to P.M.

**FIRST CAUSE OF ACTION AGAINST
DEFENDANT, JONES, AND DEFENDANT, RUSSELL**

**United States Constitutional Rights- 42 U.S.C. §1983**

79.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 78 above by reference as if fully set forth herein below, and further alleges and states as follows:

80.     Plaintiff's claims arise under the United States Constitution guaranteed to all citizens under the Fourteenth Amendment and actionable pursuant to 42 U.S.C. §1983.

81.     Defendant, Jones, and Defendant, Russell, at all times herein, were operating or working under color of law and as an agent of a governmental entity and political subdivision in the State of Oklahoma.

82.     P.M. has been deprived of his federally-protected property interest in his continued education and the right to be free from sexual harassment and molestation as guaranteed by the Fourteenth Amendment to the United States Constitution.

83.     Defendant, Jones and Defendant, Russell through their failure to take any action related to the known and ongoing assaults taking place in the School established a policy, custom, usage, and practice, allowed the abuse upon P.M. to occur here.

84.     The conduct of Defendant, Jones, and Defendant, Russell, demonstrates a representation of an official policy, practice, and custom as evidenced by the deliberate indifference and reckless disregard for P.M.'s rights to be free from sexual assault and harassment while under the supervision of Defendants.

85.     Further, the acts and omissions of these Defendants, as alleged herein, constituted intentional discrimination on the basis of sex in violation of P.M.'s rights to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

86.     As a direct and proximate result of Defendant, Jones', and Defendant, Russell's violations of constitutional, and/or state mandated policies and procedures, P.M.'s constitutional right to be reasonably safe from harm while in the care, custody and control of P.C. West were

16

violated.

87.     Defendant, Jones, and Defendant, Russell, acting in concert with the administration of the Defendants and under color of state law, violated P.M.'s constitutional right to be reasonably safe from harm and directly and proximately caused P.M. to endure serious physical abuse, great physical pain and suffering, mental and emotional distress, embarrassment and continued psychological damage.

88.     As a direct and proximate result of the conduct of Defendant, Jones, and Defendant Russell, the minor Plaintiff, P.M., suffered serious injury to mind and body and will suffer from the injury in the future.  Said injuries are permanent, progressive and severe for which P.M. has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**SECOND CAUSE OF ACTION AGAINST**
**DEFENDANT, JONES, AND DEFENDANT, RUSSELL**
**Negligence**

89.     Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 88 above by reference as if fully set forth herein below, and further alleges and states as follows:

90.     Both Defendant, Jones, and Defendant, Russell, had an affirmative duty to provide a safe premises for the students of P.C. West, including P.M.

91.     Defendant, Jones, and Defendant, Russell, knew or should have known of the substantial risk of sexual assault to the students, and Defendants, Jones, and Defendant, Russell, negligently failed to protect P.M. from such assault.

92.     As a direct and proximate result of aforesaid acts and conduct by these Defendants, and each of them, and the injuries resulting therefrom, Plaintiff sustained physical injury and mental anguish, pain, and suffering.

93.     The conduct of Defendant, Jones, and Defendant, Russell, was grossly negligent

17

and/or willful and wanton and intentional, and demonstrated a reckless disregard for the rights of others, including P.M., and such conduct warrants the imposition of punitive or exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**CLAIMS FOR RELIEF OF THE PARENT
AND NEXT FRIEND OF P.M.**

94. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 93 above by reference as if fully set forth herein below, and further alleges and states as follows:

95. As a direct and proximate result of the conduct of the Defendants, and each of them, as set forth herein above, in causing injury to P.M., the Plaintiff, Randy McAroy, has incurred medical expenses, lost income and has been deprived of the relationship, companionship and association of his son, P.M. for which the Defendants, and each of them, are liable to the Plaintiff individually in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**CLAIM FOR RELIEF – PUNITIVE DAMAGES
AGAINST INDIVIDUAL DEFENDANTS**

96. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 thru 95 above by reference as if fully set forth herein below, and further alleges and states as follows:

97. The Individual Defendants (which specifically does not include Defendants Putnam City Schools or P.C. West), and each of them, are hereby placed on notice that the Plaintiff may seek an instruction form the Court that would allow the Jury to return a verdict for punitive damages in the event the evidence justifies such an instruction.

WHEREFORE, the Plaintiff, Randy McAroy, Individually and as Parent and Next Friend, of P.M., a minor, respectfully requests that this Court enter judgement against the Individual Defendants, and each of them, as set forth herein above in an amount in excess of Seventy-Five

18

Thousand Dollars ($75,000.00) plus attorney fees and costs of this action and for such further relief as this Court deems just and equitable.

Respectfully Submitted,

DEREK K. BURCH, OBA NO. 13004
BRETT T. REAVIS, OBA NO. 33595
BURCH & GEORGE, P.C.
1500 CITY PLACE BUILDING
204 NORTH ROBINSON
OKLAHOMA CITY, OKLAHOMA 73102
405-239-7711
405-239-7795 FACSIMILE
derek@burch-george.com
brett@burch-george.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

19