### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY MCAROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-00893-PRW |
| ) | |
| INDEPENDENT SCHOOL DISTRICT ) | |
| NO. 1 OF OKLAHOMA COUNTY, a/k/a ) | |
| PUTNAM CITY WEST HIGH SCHOOL, ) | |
| PUTNAM CITY SCHOOLS; ) | |
| DAWSON MICHAEL McCLAIN; ) | |
| DELBERT JOHNSON; S.H., by and ) | |
| through his Parent and Next Friend ) | |
| David Harry; ALFRED JONES; and ) | |
| COREY RUSSELL, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Plaintiff's Motion to Remand (Dkt. 8). The Parties dispute whether Defendant School District timely removed this case to federal court and whether fees and costs should be awarded to Plaintiff. For the reasons discussed fully below, Plaintiff's Motion for Remand (Dkt. 8) is **GRANTED**, and Plaintiff's request for costs and expenses is **DENIED.**

The removal statute requires that the notice of removal of a civil action be filed within thirty (30) days after either: (1) "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"; or (2) if the case stated by the initial pleading is not removable, "the receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

removable."[1] A defect in the removal procedure or a lack of subject matter jurisdiction is grounds for remanding the case to the State court from which is was removed.[2]

Here, Plaintiff's original Petition was filed on July 24, 2019 in the District Court of Oklahoma County. Plaintiff served the original Petition on Defendant School District on August 12, 2019, which, Plaintiff maintains, triggered the removal clock. The Petition named "Putnam City West High School" and "Putnam City Schools."[3] In its Motion to Dismiss, Defendant School District admitted that Putnam City Schools "is the commonly known named of Independent School District No. 1 of Oklahoma County, Oklahoma," and Putnam City West High School "is a school site within the school district."[4] Plaintiff filed a First Amended Petition in which he properly named the school district as a legal entity capable of being sued. Defendant School District claims to have received the First Amended Petition via email on August 23, 2019. Defendant School District removed this case to federal court on September 25, 2019.

---

[1] 28 U.S.C. § 1446(b)(1), (3).

[2] *Id.* at 1447(c).

[3] Pl.'s Obj. to Removal & Mot. to Remand (Dkt. 8) at 1–2; Petition (Dkt. 1, Ex. 1) at 1.

[4] *See* Defs.' Mot. to Dismiss & Br. in Supp. (Dkt. 3) at 3; *see also* August 19, 2019 Email from Defense Counsel to Plaintiff's Counsel (Dkt. 11, Ex. 1) at 1 ("Thanks for taking the time to talk with me last week. As we discussed, our firm will be representing Putnam City Schools a/k/a Independent School District No. 1 of Oklahoma County. We are requesting that you amend the Petition to correctly name the school district and to delete the claims against Putnam City West because Putnam City West is not a legal entity capable of being sued. Rather, the school district, Putnam City Schools, is the appropriate entity to sue.").

Plaintiff argues that Defendant School District's September 25, 2019 Notice of Removal, occurring after the expiration of 30 days following the August 12, 2019 service of the Summons and Petition, was untimely.[5] In response, Defendant School District does not dispute that its September 25, 2019 removal of this action occurred more than 30 days after it was served with Plaintiff's original Petition. Rather, Defendant School District contends that August 12, 2019 should not be the date by which this Court should determine whether its removal was timely. Specifically, Defendant School District asserts that "[s]ince Plaintiff's First Amended Petition is the first time that [Plaintiff] properly named the school district as a legal entity capable of being sued under state law and properly asserted federal claims against District, District's thirty (30) days of removal did not start to run until three days after the mailing of the First Amended Petition on August 23, 2019 when Plaintiff's counsel e-mailed the First Amended Petition to District's counsel."[6] The added three days, Defendant School District maintains, is warranted under Okla. Stat. tit. 12, § 2006(D).[7] As such, Defendant School District alleges that "under Oklahoma law, [it] had thirty-three (33) days ([or until] September 25, 2019) to remove

---

[5] Pl.'s Obj. to Removal & Mot. to Remand (Dkt. 8) at 3; Pl.'s Reply in Support of Mot. to Remand (Dkt. 13) at 1.

[6] Resp. to Mot. to Remand (Dkt. 11) at 7.

[7] Okla. Stat. tit. 12, § 2006(D) ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, third-party commercial carrier or electronic means, three (3) days shall be added to the prescribed period.").

Plaintiff's First Amended Petition to federal court."[8]

Here, removal is untimely. Because Defendant School District was served with the Summons and Petition on August 12, 2019 and knew it was the proper Defendant in this case, this Court finds that August 12, 2019 is the benchmark for timely removal.[9] Accordingly, this Court concludes that Defendant School District's September 25, 2019 Notice of Removal occurred after the thirty-day deadline. The Court need not determine whether the additional three days under 12 O.S. §2006(D) apply as it would not alter the result. Defendant School District would have still missed the deadline.

Plaintiff also asks for its attorney fees and costs incurred in seeking remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[10] While an award of fees is within the discretion of the Court,[11] "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[12] Upon consideration

---

[8] Resp. to Mot. to Remand (Dkt. 11) at 6.

[9] Here, the misnomer in the Petition is irrelevant as to deadline to remove. *See, e.g.*, *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1210–11 (D.N.M. 2012).

[10] 28 U.S.C. § 1447(c) (2012).

[11] *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005).

[12] *Martin*, 546 U.S. at 141.

of all the facts and circumstances of this removal, the Court concludes that an award of attorney fees and costs to Plaintiff is not justified.

Accordingly, for the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. 8). This case is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma. Moreover, Plaintiff's request for costs and expenses is **DENIED.**

**IT IS SO ORDERED** this 31st day of August 2021.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE